**FILED**

**FEB - 7 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, JAMES BOLAND, GERALD )
O'MALLEY, KEN LAMBERT, GERARD SCARANO, )
H. J. BRAMLETT, EUGENE GEORGE, PAUL )
SONGER, CHARLES VELARDO, MATTHEW )
AQUILINE, GREGORY R. HESS, MICHAEL )
SCHMERBECK, VINCENT DELAZZERO, and BEN )
CAPP, JR., as Trustees of, and on behalf of, the )
BRICKLAYERS & TROWEL TRADES )
INTERNATIONAL PENSION FUND, )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )
   )
BRICKLAYERS AND ALLIED CRAFTWORKERS )
INTERNATIONAL HEALTH FUND )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )
   )
INTERNATIONAL MASONRY INSTITUTE )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )
   )
  and )
   )
INTERNATIONAL UNION OF BRICKLAYERS AND )
ALLIED CRAFTWORKERS )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )
   )
        Plaintiffs, )
   )
     v. )
   )
ARLINE LLC )
  308 Mickle Boulevard )
  Camden, NJ 08103, )
   )
        Defendant. )

CASE NUMBER 1:06CV00218

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 02/07/2006

Civil Action No.

COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), the fiduciaries of the Bricklayers and Allied Craftworkers International Health Fund ("IHF"), and the fiduciaries of the International Masonry Institute ("IMI"), to enforce the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court. As to the claims brought by the International Union of Bricklayers and Allied Craftworkers ("BAC"), jurisdiction is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The IPF, IHF, and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF, IHF, and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

2

3. BAC maintains its principle office in the District of Columbia. Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to 29 U.S.C. § 185(c)(1).

### Parties

4. Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Ben Capp, Jr., are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5. The IPF is also authorized to effect collections on behalf of the IHF and BAC, pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6. Plaintiff, IHF, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. Plaintiff, IMI, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

8. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

DSMDB.2040190.1

9. Defendant, Arline, LLC, is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New Jersey.

10. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

### Violation Charged

11. Arline, LLC, through its authorized agent or officer, executed a collective bargaining agreement with the Union. That collective bargaining agreement is annexed hereto as Exhibit A and is hereinafter referred to as the "Agreement".

12. Pursuant to the Agreement, Defendant agreed to make certain payments to the IPF, IHF, IMI, and BAC on behalf of covered employees of Defendant.

13. Upon information and belief, Defendant has failed to submit required reports and contributions for work performed pursuant to the Agreement.

14. Accordingly, Plaintiffs have been forced to estimate the amounts due the IPF, IHF, IMI and BAC by Defendant.

15. Upon information and belief, Defendant began performing work pursuant to the Agreement in February 2005, employing two or three employees, each working an eight-hour work day. Plaintiffs estimated the total hours worked by Defendant's employees during the months of March 2005 through November 2005 by multiplying two employees times eight hours per day times the number of working days in each specific month from March 2005 through November 2005. This calculation provided Plaintiffs the total of estimated hours worked by Defendant's employees in each month. That number was then multiplied by the applicable hourly rates payable

4

to the Fund in order to calculate the estimated contributions and dues checkoff due the Fund.

16. The total of estimated contributions due the IPF, IHF, and IMI by Defendant for work performed during the months of March 2005 through November 2005 amounts to $23,408.00.

17. Under the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI, interest in the amount of $1,681.20 at 15% per annum and liquidated damages in the amount of $4,547.84, calculated from the Due Date at the rate of 20 percent as provided for by ERISA, have been assessed on the delinquent contributions payable to the IPF, IHF, and IMI for work performed by Defendant's employees during the time period March 2005 through November 2005.

18. Defendant also owes the BAC delinquent dues checkoff moneys in the amount of $915.04, and interest in the amount of $64.73, for work performed by Defendant's employees during the time period March 2005 through November 2005.

19. To date the delinquent contributions, dues checkoff, interest, and additional computation of interest due and owing have not been paid.

20. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

5

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For the total amount of $30,866.81, which is constituted as follows:

    a. For delinquent contributions in the amount of $23,408.00 payable to the IPF, IHF, and IMI for the time period March 2005 through November 2005 (ERISA Section 502(g)(2)(A); Collection Procedures);

    b. For interest in the amount of $1,681.20 assessed on such delinquent contributions, calculated at 15 percent per annum from the Date Due (ERISA Section 502(g)(2)(B); Collection Procedures);

    c. For liquidated damages in the amount of $4,547.84 assessed on delinquent contributions owed to the IPF, IHF, and IMI (ERISA Section 502(g)(2)(C)(i); Collection Procedures);

    d. For dues checkoff moneys owed to the BAC in the amount of $915.04 (29 U.S.C. § 185; Collection Procedures);

    e. For interest in the amount of $64.73 on such delinquent dues checkoff moneys (29 U.S.C. § 185; Collection Procedures);

    f. For the costs of filing this action in the amount of $250.00 (ERISA Section 502(g)(2)(D));

2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

3. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF, IHF, IMI, and BAC all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

4. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: _February 7_, 2006      By: _____
                              Ira R. Mitzner, DC Bar No. 184564
                              DICKSTEIN SHAPIRO MORIN
                              Charles V. Mehler III, DC Bar No. 475909
                                & OSHINSKY LLP
                              2101 L Street, NW
                              Washington, DC 20037-1526
                              (202) 828-2234

                              Attorneys for Plaintiffs

7